WALDEN, Judge.
This is an appeal from a final judgment in favor of appellee Ray Montgomery in the amount of $60,000 plus interest for breach of an employment contract. Pursuant to an employment contract dated February 1, 1983 appellee was employed by appellant Monte Carlo Development and Management Corporation. At the outset, the contract makes the following recitals:
1. Employer is engaged in the business of owning a private Country Club in Fort Pierce in the State of Florida, more particularly 3001 Johnston Road.
2. Employee has been engaged in and has had a great deal of experience in the above designated business, in particular as head golf professional at said club.
3. Employee is willing to continue to be employed by Employer and Employer is willing to continue to employ Employee, on the terms, covenants and conditions hereinafter set forth.
Under the terms of the contract, appel-lee’s duties are described as follows:
2. Description of Employee’s Duties:
Subject to the supervision and pursuant to the orders, advice and direction of Employer, the Employee shall perform all duties appropriate or necessary in connection therewith and such duties as are customarily performed by one holding such position in a business of the kind conducted by Employer. Employee shall additionally render such other and unrelated services and duties as may be assigned to him from time to time by Employer.
The term of employment under the contract is five years, from February 1, 1983 through January 31,1988. Appellee's sala *1008 ry is specifically determined by the following provision:
6. Compensation: Reimbursement to Employee:
a. Salary:
In consideration of such service, Employer agrees to pay Employee compensation at the rate of $3000.00 per month beginning February 1, 1983, to be payable in equal installments at such times as is determined by Employer, but no less often than monthly. In addition, Employer will pay Employee 25% of the net cart rental fees, pro shop sales and bag storage and range income.
The contract also provides:
10. Discontinuance of Business as Termination of Employment:
Anything herein contained to the contrary notwithstanding, in the event that Employer shall discontinue its business operations, then this contract shall cease and terminate as the last day of the month in which operations cease with the same force and effect as if such last day of the month were originally set forth as the termination date thereof.
The contract concludes with the following provision:
20. Binding Effect of Agreement:
This contract shall be binding on and inure to the benefit of the respective parties and their respective heirs, legal representatives, successors and permitted assigns.
In August of 1984, in lieu of foreclosure, appellant agreed with its bank to transfer its interest and title to the golf course and clubhouse at Monte Carlo Country Club, as well as the inventory, furniture, fixtures and equipment located in the clubhouse, to Johnston Road Investments, a wholly owned subsidiary of the bank. Appellant conveyed the property for some “relatively nominal” consideration. When Johnston acquired title to the golf course, appellee was informed that an entity named Tournament Players Club would likely take over operations of the golf club. Meanwhile, Johnston hired a company named Fort Pierce Golf Course Management, Inc. to operate the country club. Appellee was employed by Johnston during the transition period, from August through December of 1984. When the Tournament Players Club assumed operations of the club in December of 1984, Johnston then terminated ap-pellee. The last $3,000 payment received by appellee pursuant to the contract was in December, 1984.
Appellee sought compensation from Johnston, but Johnston denied having ever assumed the employment contract. Appel-lee then sued appellant and other defendants, who were later dismissed from the suit. After appellant transferred its interest in the country club, it continued to engage in business, but did not operate any other country club nor operate any business which would require a golf professional. Instead, appellant continued to own and develop real property within the overall Monte Carlo property development.
After a non-jury trial, the trial court entered a final judgment in favor of appellee and against Monte Carlo for $60,000 plus interest. The trial court specifically found:
It is also clear that Plaintiff was ready and willing to continue performance under the Contract, but was prevented from doing so when a new organization took over operation of Monte Carlo. No substantial evidence was presented to support Defendant’s contention that Plaintiff was terminated for cause. Plaintiff mitigated his damages to the greatest extent possible by working for the successor owner of Monte Carlo after its conveyance by Defendant, until he was terminated by a new operational organization.
The trial court broadly interpreted the portion of the agreement regarding appellant’s continued business operations and concluded that appellant’s transfer of its interest did not terminate its obligations under the contract:
Paragraph 10 of the Contract called for it to terminate in the event Defendant ceased business operations. There is a reference in clause 1 of the “Recitals” in the Contract that Defendant was in the *1009 business of owning a private country-club particularly located at 3001 Johnston Road, which, in fact, is the generalized location of the entire residential and golf club project known locally as “Monte Carlo.”
While Estein testified that Defendant no longer operates a country club, both Estein and Vegosen testified that Defendant was still conducting business operations and Estein said those operations included residential lots in the overall “Monte Carlo” project. The Court also notes that Paragraph 2 of the Contract calls for specific golf professional duties, plus additional unspecified generalized duties as may be assigned to Plaintiff by Defendant.
Certainly the pertinent portions of the Contract on this issue contain some ambiguities. But when considering Defendant’s business operations and Plaintiff’s duties in their entire context and the rule of law that ambiguities in a contract should be construed against the preparer of the instrument, which in this case was Defendant’s attorney, Vegosen, the Court finds that Defendant’s transfer of Monte Carlo did not terminate its obligations under the Contract.
Appellant appealed, claiming the judgment was against the manifest weight of the evidence. We agree and reverse.
Construing the contract as a matter of law, we find that the plain terms of the contract provided that appellant’s obligation would cease if appellant discontinued its business operations. Appellant’s business is specifically described in the contract as “owning a private country club ... more particularly 3001 Johnston Road.” Since appellant was no longer in the business of owning a private country club, it was relieved of its obligations under the contract. We find it immaterial that the contract also contemplates appellee’s performing “such other and unrelated services and duties as may be assigned to him from time to time” as there has been no showing that appellant ever assigned or attempted to assign any duties to appellee after the transfer of the country club to Johnston
Road Investments. Moreover, any such duties must be reasonably related to the kind of duties contemplated in the employment contract. Since the only business which appellant continued to engage in was development of real property within the Monte Carlo project, it would be unreasonable to expect appellee’s “unrelated services and duties” to encompass construction or development of such real property. The parties’ understanding that appellant was no longer obligated under the employment contract is further evidenced by the fact that appellee collected his full salary from Johnston for four months following the transfer. It was not until Johnston terminated appellee’s employment that appellee sought compensation, first from Johnston and then from appellant. Although appel-lee may have a claim against Johnston as a successor or assignee since the property was transferred for a “relatively nominal” consideration, Johnston is no longer involved in this suit and appellant cannot be held to answer for Johnston’s obligations.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
DOWNEY, J., concurs.
GLICKSTEIN, J., dissents with opinion.